The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Craig H.D. Armon presiding. Good afternoon, counsel. Our next case is 4-25-0666, People of the State of Illinois versus Kelly Kabongo. Could counsel for the appellant please state your name for the record? Yes, sir. My name is Jack Veely, V-I-E-L-E-Y, and my office is here in Bloomington, Illinois. Thank you. Thank you, counsel. Counsel for the appellee, could you please state your name for the record? My name is David Dimansion, and I'm with the Appellate Prosecutor's Office in Springfield. All right. Counsel, you may proceed. Thank you. May it please the court and counsel, thank you much for allowing me to address you this afternoon. I would like to briefly start out with the facts of the case, if I may, and I will say this is a very compelling case to me. I've been doing this for 58 years, but I'm amazed at what I see here. Basically, my client was a young student from Africa. My understanding was he doesn't speak real good English or read really well. Can I stop you right there? Yes, sir. First of all, where was he a student either at the time of the offense or at the time of the trial? Well, that's why I say he was. I'm not sure he was actually enrolled. I think he initially came over, your honor, and was in school, but he may, excuse me, may have dropped out. I'm not for sure. No, he graduated from high school, a normal high school, in 2020, so he was no longer a student. Next, you say that he had difficulty in writing. Do you have anything in the record that would indicate in any way that Mr. Cabongo had any problem in writing the English language? Well, that's what he told me. I don't have anything in writing, but he said he struggles. Did you happen to read his handwritten petition for leave to appeal that he filed in this case? Yes, sir. Yes, I think I did. Okay, and that was all in proper English and proper form. In fact, it was pretty well read. He's a smart man, I think, but the problem... Okay, well, wait a minute, because remember, he has difficulty writing, you just said. Now, you also said he has difficulty speaking the English language. He went through a trial, was there ever a request or a need or apparent need either by the trial court or by his counsel that he was in need of an interpreter? Not that I'm aware of. I was not his lawyer until later in the case. Okay, the answer is no. No. He handled an appeal. Was there ever any indication by appellate counsel that he was in need of an interpreter? Or did the defendant have difficulty writing or speaking English? Not to my knowledge. I think that... Did anybody? He had two attorneys. He had an attorney at trial. Did the court, did any attorney ever express an indication or concern that the defendant had any difficulty reading or speaking the English language or writing the English language? Not to my knowledge. Okay. I will say, though, Your Honor, when I spoke to him in person, he was difficult to understand and communicate with. Really? Have you ever happened to look at C-73 through 77 and read the transcripts of his jail phone calls? Well, I'm sure I've read most of this, but I can just tell you myself, it was not clear when I was speaking to him. Okay. So, as far as we know from the record, because as we know, he's not necessarily entitled to an evidentiary hearing just because he files a post-conviction petition. Hearings are required only if the petition is supported by the record or accompanying affidavits making a substantial showing of a constitutional violation. As far as I can tell from your brief, the only citations that you make to support any of these assertions as to the defendant's condition come from his affidavit alone. Is that true? That's true. Okay. The trial court, was the court who heard the petition the same court who had heard the trial? Well, the trial was a plea, I guess. I'm sorry, who had heard the case up to the plea? Yes, that's correct. Okay. Was there an assertion of ineffective assistance of counsel at any point in time in your post-conviction petition? I believe it was in my initial petition. I said he was ineffective, and I raised it in my brief because my client told me that he was confused and didn't understand. But assuming that to be true, then we have a real problem here because I guess we see these cases all the time. I guess what bothers me is that people go to bars and they meet people and then they go to apartments or houses. Yeah, we're not retrying the facts of the case. This is a post-conviction petition based upon alleged constitutional violations. Well, I would say based upon what he told me, he was confused and thought he was going to get five instead of 15. So that's my case in a nutshell, your honor.  That's all I would have to say to you. Anything else to argue? Well, I just... That we would find in your brief? Well, yeah, the cases we cited, they seem to suggest if there's questions of fact, you can't decide them on a motion to dismiss. It's kind of like a civil case, a 615 motion. You don't try facts. You have to have a hearing, but those are the cases we cited. So we would stand on those. And thank you again for letting me address you, your honor. Thank you, counsel. You'll have an opportunity to argue and rebuttal. Mr. Manchin. It pleases the court, counsel. The trial court did not commit any error in denying defendant's post-conviction petition. To my recollection, there is no mention of ineffective assistance of counsel anywhere in the post-conviction petition. The only allegation is that his attorney told him he would get five years. He does not claim that his attorney was ineffective for telling him that. So the claim of ineffective is being raised the first time on appeal. And even if it is properly before the court, there's just no merit to the claim. In the context of a plea, just saying I would not have pled guilty but for counsel's error is enough. You have to show it would have been objectively reasonable for the defendant to have... was it in order to establish prejudice, has to be shown that the defendant been objectively reasonable for the defendant to reject the plea. Here, the only claim of ineffectiveness is that counsel predicted that the defendant would get five years. I think that is reasonable representation for an attorney to tell the defendant that this is what the judge is likely to do. And just because the judge doesn't follow... doesn't comply with what the attorney thought he would do, it doesn't establish ineffectiveness. It also does not establish a basis for withdrawing a plea. Entering a plea based upon counsel's advice as to the expected sentence is voluntary. And just because the defendant is dissatisfied with his plea or hoped to get less is also not a basis for granting the plea. Counsel seems to suggest that just because the defendant states facts, he's automatically entitled to a hearing. That is simply not the law. The Supreme Court has said that where the facts are not contradicted by the record, facts in the petition shall be assumed to be true. Here, we have the claim in the petition that I was promised five years. And at the plea hearing, twice, he says, this is on page 55 and 56 of the record, court asks, other than what's spelled out here today in this agreement, has anybody made any promises, threats, or force against you in exchange for entering in this plea? Defendant, no. His petition falls on that basis alone. His claim of promises is directly contradicted by the record. And the defendant's facts may be true, but they still do not establish a grounds for relief. And here, a alleged promise that you would get five years, even taken as true, is simply not a basis to withdraw the plea. So I submit that the trial court committed no error in dismissing the post-conviction petition in this case. That's it. Any further questions? I don't see any questions. Mr. Vealey. Thank you. I guess I would respectfully disagree because I'm looking at People v. Johnson, which we've cited in our brief, and it seems to say that a promise of leniency is sufficient to have an evidentiary hearing. So I guess that's our strongest case here, Your Honor. And that's all I have. Thanks again. Thank you, counsel. We appreciate your arguments. We'll take this matter under advisement, and the court will stand in recess.